NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| HUEY P. WILLIAMS, | : | |
| | : | Civ. No. 18-10677 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| DAVID ORTIZ, | : | |
| | : | |
| Respondent | : | |

**BUMB, United States District Judge**

Petitioner Huey P. Williams is a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey. He filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging the Bureau of Prisons retaliated against him for filing grievances by refusing to transfer him to a minimum-security camp. (Pet., ECF No. 1.) For relief, he seeks an order directing the BOP to consider his immediate transfer to Bastrop Minimum Security Camp. (Id., ¶14.) Respondent filed a motion to dismiss the petition for lack of jurisdiction. (Mot. to Dismiss, ECF No. 8.) For the reasons discussed below, the Court dismisses the habeas petition for lack of jurisdiction.

I. BACKGROUND

Petitioner is serving a 63-month term of imprisonment imposed by the United States District Court, Southern District of Texas on November 20, 2015 for aiding and abetting health care fraud. (Declaration of Tara Moran[1] ("Moran Decl.") Ex. 1, ECF No. 8-2 at 5.) Petitioner's projected release date is October 6, 2019. (Id. at 4.)

II. THE PETITION

In Ground One of the habeas petition, Petitioner contends that he is entitled to transfer to a minimum security camp based on his custody classification score of eight points. (Pet., ECF No. 1, ¶13, Ground One.) For Ground Two of his habeas petition, Petitioner asserts he was denied minimum-security camp placement on a discriminatory basis because similarly situated FCI Beaumont inmates who received a Series 100 Incident Report were permitted to transfer to a minimum-security camp. (Id., Ground Two.) In Ground Three of the habeas petition, Petitioner asserts that he was assured verbally and in writing that he would be transferred to a minimum-security camp. (Id., Ground Three.)

---

[1] Tara Moran is a Legal Assistant with the Bureau of Prisons, employed at the Federal Correctional Institution in Fort Dix, New Jersey. (Moran Decl., ¶1, ECF No. 8-2 at 1.) As part of her official duties, she has access to BOP files maintained in the ordinary course of business. (Id.)

2

III. RESPONDENT'S MOTION TO DISMISS

Respondent asserts that habeas petitions under 28 U.S.C. § 2241 are limited to challenges to the execution of an inmate's sentence. (Respondent's Brief, ECF No. 8-1 at 11.) Denial of Petitioner's transfer request to a minimum security camp cannot be redressed by a habeas petition because the challenge does not go to the basic fact or duration of confinement. (Respondent's Brief, ECF No. 8-1 at 12.) Respondent contends allegations that the BOP violated Petitioner's constitutional rights do not cure the jurisdictional defect. (Id. at 13.)

IV. DISCUSSION

An inmate's challenge to how his sentence is executed is properly brought under 28 U.S.C. § 2241. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005). A simple or "garden variety" prison transfer does not fall within the meaning of "execution" of a prisoner's sentence for purposes of bringing a habeas petition under § 2241. Ganim v. Federal Bureau of Prisons, 235 F. App'x 882, 883 (3d Cir. 2007); Briley v. Warden FCI Fort Dix, 703 F. App'x 69, 71 (3d Cir. 2017). Review of the BOP's response to a transfer request is far removed from a determination about the length of a sentence. Ganim, 235 F. App'x at 884. "Prisoners have no constitutional right to a particular classification." Levi v. Ebbert, 353 F. App'x 681, 682 (3d Cir. 2009).

Petitioner has not established jurisdiction under § 2241 to challenge the BOP's denial of his request for transfer to a minimum security camp. In order to challenge the BOP's execution of his sentence under § 2241, a petitioner must allege that the "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2010) (referral to SMU, a program that limits an inmate's contact with other prisoners, does not concern the execution of a prisoner's sentence). Petitioner has not established jurisdiction under § 2241.

V. CONCLUSION

For the reasons discussed above, the habeas petition is dismissed for lack of jurisdiction. Dismissal of the petition is without prejudice to bringing constitutional claims in a Bivens action. Cardona, 563 F. App'x 191 at 194 (habeas petition may be dismissed for lack of jurisdiction and reasserted as a civil rights claim).

An appropriate Order follows.

Dated: August 14, 2019

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**